Irina Roller (IR 0177)
Attorney for Plaintiffs
Law Offices of Irina Roller, PLLC
111 Broadway, Suite 901
New York, N.Y. 10006
(212) 688-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

A.A. individually and on behalf of her child
E.M., a minor, H.D. individually and on behalf
of her child M.D., a minor, E.S. individually
and on behalf of her child H.A., a minor,
and C.R. individually and on behalf of her
child A.R., a minor,

**COMPLAINT**

          Plaintiffs,

- against -


NEW YORK CITY DEPARTMENT OF EDUCATION,

          Defendant.

------------------------------------------X

    Plaintiffs, A.A. individually and on behalf of her child E.M., a minor, H.D. individually and on behalf of her child M.D., a minor, E.S. individually and on behalf of her child H.A., a minor, and C.R. individually and on behalf of her child A.R., a minor by their attorneys, Law Offices of Irina Roller, PLLC

1

as and for their Complaint against defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, allege and state the following:

FIRST: Plaintiffs children are minor children with learning disabilities, and at all relevant times are students residing within New York City, who are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, et seq.; the federal regulations governing the IDEIA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

SECOND: At all relevant times, all plaintiffs have resided and continue to reside within the County of New York.

THIRD: Plaintiffs, though known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEIA statute, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99. Upon the request of this Court, plaintiffs are prepared to disclose plaintiffs' identities in camera.

FOURTH: Defendant, upon information and belief, is a duly constituted school district organized under the

laws of the State of New York, and is the "local educational agency" charged with the obligation to provide minor plaintiffs herein with a free and appropriate public education ("FAPE").

## NATURE OF THE ACTION

FIFTH: This action is filed pursuant to the IDEIA, 20 U.S.C. § 1415, and follows a trial on behalf of each plaintiff that resulted in an Impartial Hearing Officer's ("IHO") decision, on the merits, in plaintiffs' favor.

SIXTH: This action is filed to secure statutory attorneys' fees and costs that plaintiffs should be awarded in this fee application action, and in the underlying administrative proceedings, as each plaintiff is a "prevailing party" pursuant to the express fee-shifting provisions of the IDEIA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

SEVENTH: This court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction over this action without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant reside

in or are situated within this judicial district.

**FACTUAL BACKGROUND**

EIGHTH: Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

### A.A. individually and on behalf of her child E.M.

NINTH: On or about September 25, 2013 plaintiffs, A.A. individually and on behalf of her child E.M., a minor, initiated an administrative due process proceeding against defendant in order to obtain tuition reimbursement and other relief based upon defendant's failure to provide E.M with a FAPE for the 2013-2014 school year. Plaintiffs sought tuition reimbursement, in connection with E.M.'s placement at the Windward School ("Windward"), reimbursement for the cost a neuropsychological evaluation and reimbursement for the cost of transportation.

TENTH: Following a one-day trial, In a 7-page "Findings of Fact and Decision" dated March 27, 2014 Impartial Hearing Officer Susan Lushing, Esq. issued an

Order, Case No. 147295, based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

    a)    Defendant, DOE conceded prong I.

    b)    Plaintiffs satisfied Prong 2 by demonstrating that Windward, at all relevant times, was an appropriate school placement for E.M. for the 2013-14 school year.

    c)    Plaintiff's claims for reimbursement of tuition as well as transportation were granted.

    d)    Prong 3, also known as the "equities," favored plaintiffs.

ELEVENTH: The hearing officer's March 27, 2014 Decision directs defendant to reimburse plaintiffs for the tuition paid to Windward as well as transportation expenses incurred for the 2013-14 school year.

TWELFTH: As a consequence of the favorable, un-appealed administrative decision, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

THIRTEENTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $22,755.00.

FOURTEENTH: Plaintiff's are also entitled to an award of attorney's fees and related to filing costs

5

and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,350.00.

**H.D. individually and on behalf of her child M.D.**

FIFTEEN: On or about September 13, 2013 plaintiffs, H.D. individually and on behalf of her child M.D., a minor initiated an administrative due process proceeding against defendant in order to obtain tuition reimbursement and other relief based upon defendant's failure to provide M.D. with a FAPE for the 2013-2014 school year. Plaintiffs sought tuition reimbursement, in connection with M.D.'s placement at the York Preparatory School ("York") as well as the costs of York's Jump Start program.

SIXTEENTH: Following a three-day trial, in an 8-page "Findings of Fact and Decision" dated, March 6, 2014 Impartial Hearing Officer Israel Wahrman, Esq. issued an Order, Case No. 146825, based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

a)  Defendant DOE conceded prong I.

b)  Plaintiffs' satisfied Prong 2 by demonstrating that York along with its jump Start program, at all relevant times, was an appropriate placement for M.D. The parent's claim for tuition reimbursement was granted.

    c) Prong 3, also known as the "equities," favored plaintiffs.

SEVENTEENTH: The hearing officer's March 6, 2014 Decision directs defendants to reimburse plaintiffs for the tuition paid by plaintiffs to York for the 2013-14 school year including the cost of the Jump Start program.

EIGHTEENTH: As a consequence of the favorable, un-appealed administrative decision, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

NINETEENTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $21,810.00.

TWENTIETH: Plaintiff's are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,350.00.

**E.S. individually and on behalf of her child H.A.**

TWENTY-FIRST: On or about September 16, 2013 plaintiffs, E.S. individually and on behalf of her child H.A., a minor initiated an administrative due process proceeding against defendant in order to obtain

7

tuition reimbursement and other relief based upon defendant's failure to provide H.A. with a FAPE for the 2013-2014 school year. Plaintiffs sought prospective tuition payment, in connection with H.A.'s placement at the Stephen Gaynor School ("Gaynor").

TWENTY-SECOND: Following a two-day trial, in a 12-page "Findings of Fact and Decision" dated March 20, 2014 Impartial Hearing Officer Timothy Mahoney, Esq. issued an Order, Case No. 146911 based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

a) Defendant DOE conceded prong I.

b) Plaintiffs' satisfied Prong 2 by demonstrating that Gaynor, at all relevant times, was an appropriate placement for H.A.

c) Prong 3, also known as the "equities," favored plaintiffs.

d) Further, the IHO found that plaintiff qualified for "Connor's" funding. The parent's claim for prospective "Connors" funding was granted.

TWENTY-THIRD: As a consequence of the favorable, un-appealed administrative decision, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

TWENTY-FOURTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal

8

services rendered at the administrative level in the amount of $17,765.00.

TWENTY-FIFTH: Plaintiff's are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,350.00.

### C.R. individually and on behalf of her child A.R.

TWENTY-SIXTH: On or about September 25, 2013 plaintiffs, C.R. individually and on behalf of her child A.R., a minor, initiated an administrative due process proceeding against defendant in order to obtain tuition reimbursement and other relief based upon defendant's failure to provide A.R. with a FAPE for the 2013-2014 school year. Plaintiffs sought tuition reimbursement, in connection with M.D.'s placement at the York Preparatory School ("York") as well as the costs of York's Jump Start program.

TWENTY-SEVENTH: Following a three-day trial, in a 13-page "Findings of Fact and Decision" dated March 08, 2014 Impartial Hearing Officer Nancy Lederman, Esq. issued an Order, Case No. 147294 based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

a)   Defendant DOE conceded prong I and III.

9

    b)   Plaintiffs' satisfied Prong 2 by demonstrating that York and its Jump Start program, at all relevant times, was an appropriate placement for A.R. The parents' claims for tuition and the Jump Start Program reimbursement were granted.

    c)   Prong 3, also known as the "equities," favored plaintiffs.

TWENTY-EIGHTH: The hearing officer's March 20, 2014 decision directs defendants to reimburse plaintiffs for the tuition paid by plaintiffs to Gaynor.

TWENTY-NINTH: As a consequence of the favorable, un-appealed administrative decision, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

THIRTIETH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $23,840.00.

THIRTY-FIRST: Plaintiff's are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,350.00.

## **PROCEDURAL REQUIREMENTS**

THIRTY-SECOND: Plaintiffs repeat, reiterate and reaffirm each every allegation set forth above as if fully set forth herein.

THIRTY-THIRD: Plaintiffs have exhausted their administrative remedies, as attorney's fees and related costs may not be recovered at the administrative level, and must be adjudicated and determined by the federal court, absent an agreement by the parties.

THIRTY-FOURTH: This action on behalf of all plaintiffs is timely brought based on the applicable three-year statute of limitations.

THIRTY-FIFTH: As a consequence of the favorable, un-appealed administrative decisions, all plaintiffs qualify as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

THIRTY-SIXTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

## **RELIEF REQUESTED**

**WHEREFORE**, by reason of the foregoing, this Court should:

(a) declare each of the Plaintiffs to be the prevailing party in their respective administrative action;

(b) fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the administrative proceeding as follows for each Plaintiff:

A.A. individually and on behalf of her child E.M., a minor: $22,755.00;

H.D. individually and on behalf of her child M.D., a minor: $21,810.00;

E.S. individually and on behalf of her child H.A., a minor: $17,765.00; and

C.R. individually and on behalf of her child A.R., a minor: $ 23,840.00;

(c) award Plaintiffs the attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately for each Plaintiff:

A.A. individually and on behalf of her child E.M., a minor: $2,350.00;

H.D. individually and on behalf of her child M.D., a minor: $2,350.00;

E.S. individually and on behalf of her child H.A., a

minor: $2,350.00; and

C.R. individually and on behalf of her child A.R., a minor: $2,350.00;

    (d) award Plaintiffs such other and further relief as this Court deems fair and just.

Dated:  New York, New York
         March 3, 2017

                Respectfully submitted,

                _____
                Irina Roller (IR 0177)
                Law Offices of Irina Roller, PLLC
                Attorney for Plaintiffs
                111 Broadway, Suite 901
                New York, N.Y. 10006
                (212) 688-1100
                Email: Hearings@RollerEsq.com